UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BING LIU (A-Number: 246-721-996),

Petitioner,

v.

TODD M. LYONS, et al.,

Respondents.

Case No. 1:26-cv-00238-KES-SAB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Docs. 1, 25

Petitioner Bing Liu is a former immigration detainee proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See generally* Doc. 1.

On January 21, 2026, petitioner filed a motion for temporary restraining order. Doc. 7. The Court converted the motion into one for a preliminary injunction, granted the preliminary injunction, and ordered respondents to release petitioner. Doc. 12. The Court referred the matter to the magistrate judge for further proceedings. *Id.*

On July 29, 2026, the magistrate judge issued findings and recommendations recommending the Court grant the petition for writ of habeas corpus "for the reasons stated in the order granting preliminary injunction." Doc. 25 at 2. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. To date, no objections have been filed, and the time for doing so

has passed.

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1. The findings and recommendations issued on July 29, 2026, Doc. 25, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.
3. If respondents seek to re-detain petitioner Bing Liu (A-Number: 246-721-996), they must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[1]
4. The Clerk of Court is directed to terminate any remaining motions as moot and to close the case.

IT IS SO ORDERED.

Dated: August 31, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.